IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.C., by her Guardian, P.W., Plaintiff, | : : : |
| v. | : CIVIL NO. 09-2191 |
| CITY OF PHILADELPHIA, et al., Defendants. | : : : : |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                               **November 9, 2009**

Presently before the Court is Defendant City of Philadelphia's Motion for Reconsideration,[1] requesting that the Court's previous Order granting Plaintiff's Motion to Compel Discovery[2] be vacated. Along with its Motion, Defendant filed a response to Plaintiff's Motion to Compel.[3] Plaintiff and Defendant each filed additional briefs regarding the issue of reconsideration.[4] The Court finds that reconsideration is not appropriate, and Defendant's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The case was removed from the Philadelphia County Court of Common Pleas; Plaintiff asserts both federal and state claims. Plaintiff accuses the City of Philadelphia Department of Human Services of placing a child (hereinafter "M.C.") in a foster home with a known sexual

---

[1]Doc. No. 10.

[2]Doc. No. 9.

[3]Doc. No. 11.

[4]Doc. Nos. 12, 13.

1

predator, and then keeping her in that placement despite evidence of her being sexually abused in the home.[5] Defendant City of Philadelphia denied all allegations in its Answer; additional Defendants are Jane and John Doe, unidentified Department of Human Services employees. This Court outlined a discovery schedule for the parties in an Order entered August 19, 2009.[6]

      The sequence of events relevant to this Motion is not disputed by the parties. Plaintiff submitted its First Request for Production of Documents to Defendant on June 9, 2009, and received no response. On September 2, Defendant filed a proposed Order, asking for the records at the Department of Human Services relating to M.C. to be unsealed. This Court signed that Order on September 18.[7] On that same date, Defendant produced one item from Plaintiff's First Request, the 2000 Children & Youth Policy Manual, and sent an email to Plaintiff notifying it that additional production was forthcoming. When no further documents were produced, and after an additional inquiry by email, on October 22, Plaintiff filed a Motion to Compel, charging that Defendant had been unresponsive to its First Request for Production of Documents. The Court promptly granted the Motion.[8]

      On October 26, Defendant City of Philadelphia filed a Motion for Reconsideration, arguing that they had not had time to respond to Plaintiff's Motion and that in fact they had provided responses to Plaintiff's First Request. Accompanying Defendant's Motion was a Response in Opposition to Plaintiff's Motion to Compel Discovery, explaining that as soon as it received the

---

[5] Compl. ¶¶ 9, 10, 14, 18.

[6] Doc. No. 4.

[7] Doc. No. 7.

[8] Doc. No. 9.

signed Order of this Court unsealing the documents Plaintiff desired, it began preparing the documents (Bate-stamping, redacting, and reviewing), but had not yet completed this process before Plaintiff's Motion was filed on October 22. Defendant asserted that when it did complete the process on October 26, it provided complete responses with objections to Plaintiff. Plaintiff disagreed in its subsequent brief, stating that reconsideration was not warranted, as Defendant's responses to its First Request were delayed and partial, and adding that this Court's granting of the Motion to Compel was appropriate under the Local Rules. Defendant filed a Reply, averring that it had produced everything related to Plaintiff's case in its possession, and demanding relief in the form of reconsideration to "prevent manifest injustice."

## II. DISCUSSION

A Court may grant a motion for reconsideration if the moving party establishes one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[9] This is a high standard of review: questions of fact are subject to a "clearly erroneous" standard and legal questions get plenary review.[10] It appears that Defendant relies on the third prong, as it does not inform the Court of any change in relevant or controlling law, and it submits no previously unavailable evidence. In addition, Defendant calls attention to the words "prevent manifest injustice" in its reply brief.[11]

---

[9] Berry v. Jacobs IMC, LLC, 99 Fed. Appx. 405, 411 (3d Cir. 2004) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

[10] North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

[11] Def.'s Reply to Pl.'s Opp'n 2.

Defendant erroneously relies upon Local Civil Rule 7.1[12] for its argument that the Court made an error in ruling on Plaintiff's Motion before Defendant's response was filed. Rule 7.1(c) provides that a party opposing a motion has fourteen days to serve a brief in opposition, *if* the motion is not certified as uncontested or governed by Local Civil Rule 26.1(g).[13] Plaintiff's Motion to Compel clearly falls within the purview of Rule 26.1(g), which states:

> A routine motion to compel answers to interrogatories or to compel compliance with a request for production under Fed. R. Civ. P. 34, wherein it is averred that no response or objection has been timely served, need have no accompanying brief, and need have no copy of the interrogatories or Rule 34 request attached. The Court may summarily grant or deny such motion without waiting for a response.[14]

Plaintiff's Motion to Compel concerns Defendants' failure to respond within the time period allotted by Federal Rule of Civil Procedure 34(b)(2)(A)[15] to its First Request for Production of Documents, precisely the type of discovery matter identified in Rule 26.1(g). Plaintiff's Request contained a list of seven items;[16] neither party asserts that the information requested is anything other than routine in quantity or substance. Therefore, Rule 26.1(g) is applicable, Rule 7.1(c) is inapplicable, and Defendant's claim that it must be permitted to answer the Motion to Compel is incorrect.

Moreover, Defendant cannot establish "manifest injustice" from the facts of this case. It offers no justification or explanation for its failure to supply responses or objections to Plaintiff's First Request within the time period permitted by Rule 34(b)(2)(A). Defendant takes issue with the

---

[12] E.D. PA. CIV. P. R. 7.1.

[13] E.D. PA. CIV. P. R. 7.1(c).

[14] E.D. PA. CIV. P. R. 26.1(g).

[15] FED. R. CIV. P. 34(b)(2)(A). The party receiving the request for production has thirty days to respond in writing after being served. Id.

[16] See Def.'s Resp. in Opp'n to Pl.'s Mot. to Compel Disc. Ex. A, B.

Court promptly ruling on the Motion to Compel, but fails to account for the three months it had to file objections to Plaintiff's Requests before Plaintiff sought enforcement. It produced one of the seven requested items on September 18, but then allowed weeks to lapse without responding to the remaining items that were originally identified on June 9, leaving Plaintiff to turn to this Court for relief.

As the Court's decision to grant the Motion to Compel complies with the rules and Defendant has not presented any further grounds to warrant reconsideration, Defendant's Motion shall be denied.

An appropriate Order follows.